1  Evan Livingstone, SBN 252008
   182 Farmers Ln, Ste. 100A
2  Santa Rosa CA 95405
   Phone: (707) 571-8600
3  Fax:   (707) 676-9112

4  Email: evanlivingstone@sbcglobal.net

5  Attorney for Debtor(s)

6

7  **UNITED STATES BANKRUPTCY COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**
8

9  In re      Martin Centeno            Case No.   09-13796
              Debtor(s)                 Chapter    13
10

11 **DEBTOR'S MOTION FOR ORDER VALUING**
   **LIEN OF JPMORGAN CHASE BANK N.A. AS $0**
12

13  To Secured Creditor **JPMORGAN CHASE BANK N.A.**

14                           **Relief Requested**

15  Debtor(s) hereby move pursuant to FRBP Rule 3012 and 11 U.S.C. §§506, 1322 (b)(2)

16  and 1327 for an order valuing the secured claim of **JPMORGAN CHASE BANK N.A.**, it

17  successors and/or assigns (Creditor), at zero dollars ($0), and for an order that the Lien may not

18  be enforced, and shall be voided for all purposes, upon application by Debtor, when the Debtor

19  completes her Chapter 13 plan payments and receives her discharge from the Court.

20                              **The Motion**

21      1. Debtor(s) filed this Chapter 13 case on November 11, 2009. David Burchard is the

22  duly appointed and acting Trustee to the bankruptcy estate.

23      2. This motion is filed pursuant to 11 U.S.C. §1322 to avoid and cancel a lien held by

24  Creditor upon real property used as Debtor(s)' residence. This piece of real estate is the single-

1 family dwelling described as <u>616 Alamo Ave, Richmond, CA</u>. The Contra Costa County APN is
2 561-231-0069 ("Real Property").

3. Debtor estimates the value of the Real Property to be $185,000.

4. On or about 11/29/05, senior secured creditor Chase Manhattan Mortgage (Senior Lienholder) extended credit to Debtor(s) and Debtor(s) granted a security interest to Senior Lien Holder in the Real Property that was properly perfected with the recording of the first deed of trust. Debtor(s) are informed and believe that on the day the petition was filed the obligation to on this note had a principal balance of $287,999. The loan number for this obligation is 4650022508675.

5. On or about 2/01/07, secured creditor **JPMORGAN CHASE BANK N.A.** (Creditor) extended credit to Debtor and Debtor granted a security interest to Creditor in the Real Property that was properly perfected with the recording of the second deed of trust. Debtor(s) are informed and believe that on the day the petition was filed the obligation to Creditor had a principal balance of $92,000. The loan number for this obligation is 70138.

6. The Real Property is worth less than what is currently owed to the on the senior first Deed of Trust. Creditor's second Deed of Trust is entirely unsecured and there is no equity to support said lien.

7. The claim of Creditor predicated on such second Deed of Trust is wholly unsecured liens against the Real Property and accordingly is not protected by the anti-modification clause of Bankruptcy Code §1322. Creditor's junior lien claims should therefore be valued pursuant to 11 U.S.C. §506 and Bankruptcy Rule 3012 at zero dollars ($0) and, after such valuation, voided, canceled, extinguished and formally stripped off of Debtor(s)' Real Property so that it no longer remains a recorded lien or encumbrance on the Real Property. The claim of Creditor on its second Deed of Trust should be paid only as a general unsecured claim Chapter 13 Plan and

1 should not be paid as a secured claim for any amount whatsoever. *In re Zimmer* (9th Cir. 2002)

2 313 F2d 1220, 1222-1225.

3     8. The 9th Circuit rule In re Zimmer allowing such wholly unsecured junior lien claim to

4 be stripped off the Real Property through a Chapter 13 Plan is in harmony with all of the other

5 Circuit decisions which have considered the issue. See *In re Lane* (6th Cir. 2002) 280 F3d 663,

6 667-669; *In re McDonald* (3rd Cir. 2000) 205 F3d 606, 615; *In re Tanner* (11th Cir. 2000) 217

7 F3d 1357; *In re Mann* (BAP 1st Cir. 2000) 249 BR 831; *In re Bartee* (5th Cir. 2000) 212 F3d

8 277.

9     9. Bankruptcy Rule 3012 provides that the court may determine the value of a claim

10 secured by a lien on property in which the estate has an interest on motion of any party in interest

11 and after a hearing on notice to the holder of the secured claim and accordingly the within

12 motion to determine and value Creditor's secured claim at zero ($0) dollars in Debtor(s)' Chapter

13 13 reorganization plan is proper.

14     **WHEREFORE**, Debtor(s) pray that the Court determine the Creditor's junior lien

15 should be valued at zero dollars ($0), that Creditor may take no action to enforce this lien, and

16 for an order avoiding the lien should Debtor(s) complete this Chapter 13 Plan and receive a

17 discharge.

19 Date: November 23, 2009     *Evan Livingstone*
    _____
20     Evan Livingstone
    Attorney for Debtor(s)