Evan Livingstone, SBN 252008
182 Farmers Ln, Ste. 100A
Santa Rosa CA 95405
Phone: (707) 571-8600
Fax:     (707) 676-9112

Email: evanlivingstone@sbcglobal.net

Attorney for Debtor(s)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re    Martin Centeno              Case No.   09-13796
              Debtor(s)                    Chapter    13

**DEBTOR'S MOTION FOR ORDER VALUING**
**LIEN OF BANK OF AMERICA AS $0**

To Secured Creditor **BANK OF AMERICA**

**Relief Requested**

Debtor(s) hereby move pursuant to FRBP Rule 3012 and 11 U.S.C. §§506, 1322 (b)(2) and 1327 for an order valuing the secured claim of **BANK OF AMERICA.**, it successors and/or assigns (Creditor), at zero dollars ($0), and for an order that the Lien may not be enforced, and shall be voided for all purposes, upon application by Debtor, when the Debtor completes her Chapter 13 plan payments and receives her discharge from the Court.

**The Motion**

1. Debtor(s) filed this Chapter 13 case on November 11, 2009. David Burchard is the duly appointed and acting Trustee to the bankruptcy estate.

2. This motion is filed pursuant to 11 U.S.C. §1322 to avoid and cancel a lien held by Creditor upon real property used as Debtor(s)' residence. This piece of real estate is the single-

family dwelling described as 7169 Barbi Ln, Rohnert Park CA. The Sonoma County APN is 143-264-005-000 ("Real Property").

3. Debtor estimates the value of the Real Property to be $350,000.

4. On or about 11/01/04, senior secured creditor Citimortgage (Senior Lienholder) extended credit to Debtor(s) and Debtor(s) granted a security interest to Senior Lien Holder in the Real Property that was properly perfected with the recording of the first deed of trust. Debtor(s) are informed and believe that on the day the petition was filed the obligation to on this note had a principal balance of $385,271. The loan number for this obligation is 5002507365.

5. On or about 6/13/06, secured creditor **BANK OF AMERICA** (Creditor) extended credit to Debtor and Debtor granted a security interest to Creditor in the Real Property that was properly perfected with the recording of the second deed of trust. Debtor(s) are informed and believe that on the day the petition was filed the obligation to Creditor had a principal balance of $44,000. The loan number for this obligation is 129898322.

6. The Real Property is worth less than what is currently owed to the on the senior first Deed of Trust. Creditor's second Deed of Trust is entirely unsecured and there is no equity to support said lien.

7. The claim of Creditor predicated on such second Deed of Trust is wholly unsecured liens against the Real Property and accordingly is not protected by the anti-modification clause of Bankruptcy Code §1322. Creditor's junior lien claims should therefore be valued pursuant to 11 U.S.C. §506 and Bankruptcy Rule 3012 at zero dollars ($0) and, after such valuation, voided, canceled, extinguished and formally stripped off of Debtor(s)' Real Property so that it no longer remains a recorded lien or encumbrance on the Real Property. The claim of Creditor on its second Deed of Trust should be paid only as a general unsecured claim Chapter 13 Plan and

should not be paid as a secured claim for any amount whatsoever. *In re Zimmer* (9th Cir. 2002) 313 F2d 1220, 1222-1225.

8. The 9th Circuit rule In re Zimmer allowing such wholly unsecured junior lien claim to be stripped off the Real Property through a Chapter 13 Plan is in harmony with all of the other Circuit decisions which have considered the issue. See *In re Lane* (6th Cir. 2002) 280 F3d 663, 667-669; *In re McDonald* (3rd Cir. 2000) 205 F3d 606, 615; *In re Tanner* (11th Cir. 2000) 217 F3d 1357; *In re Mann* (BAP 1st Cir. 2000) 249 BR 831; *In re Bartee* (5th Cir. 2000) 212 F3d 277.

9. Bankruptcy Rule 3012 provides that the court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and accordingly the within motion to determine and value Creditor's secured claim at zero ($0) dollars in Debtor(s)' Chapter 13 reorganization plan is proper.

**WHEREFORE**, Debtor(s) pray that the Court determine the Creditor's junior lien should be valued at zero dollars ($0), that Creditor may take no action to enforce this lien, and for an order avoiding the lien should Debtor(s) complete this Chapter 13 Plan and receive a discharge.

Date: November 23, 2009

_____
Evan Livingstone
Attorney for Debtor(s)